## VAN ALMSICK v VAN ALMSICK

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3210.   Decided Feb. 27, 1940.

Frank H. Ward, Columbus, for plaintiff-appellee, and for the motion.

Isadore L. Margulis, Columbus, for defendant-appellant, and contra the motion.

### OPINION

BY THE COURT:

Submitted on motion of appellee to dismiss the appeal for the reason that the appellant has failed to furnish bond as provided in §12265 GC.

Sec. 12265 is no longer in our Code but is now carried under an analogous §12223-9. This section may be given full application without a dismissal of the appeal. According to its terms, if no bond is filed there is no stay of execution of the judgment in the trial court.

The procedure which we have uniformly adopted in many cases coming to our attention under the new Appellate Code is set forth in §12223-22 GC, in conjunction with §12223-4. This latter section provides that after an appeal is duly perfected no step required to be taken subsequent thereto shall be deemed to be jurisdictional. An appeal may be duly perfected as provided in §12223-4-5-7 without the giving of the appeal bond provided in §12223-6 GC, although of course it may not proceed as on questions of law and fact without bond unless a party is exempted from giving a bond by virtue of some statutory provision.

Sec. 12223-22, GC, provides:

"(2) Whenever an appeal on questions of law and fact is taken in a case in which it is determined by the appellate court that the appellant is not permitted to re-try the facts, the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law."

This appeal clearly comes under this classification and it is now found that the appellant is not permitted to re-try the facts and it therefore shall stand for hearing on an appeal on questions of law. This procedure has been approved in **Loos v Wheeling & L. E. Rd. Co., 134 Oh St 321; Graham v Green, 55 Oh Ap 169.**

The Court now, by virtue of §11564 GC, fixes the time for preparation of Bill of Exceptions as thirty days from the date of the entry journalizing this opinion. **Stevely v Stoll, 57 Oh Ap 401.**

The motion will be overruled.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.