**OZIAS, Appellant, v. RENNER, et al., Appellees.**

Ohio Appeals, Second District, Preble County.

No. 116. Decided June 23, 1945.

Tanner & Tanner, Columbus, for appellant.
Walter H. Earley, Eaton, for appellees.

## OPINION

BY THE COURT:

Submitted on motion of C. B. Renner, Harry . E. Moots, and Alma Moots, defendants-appellees, to move the Court for an order dismissing the appeal for the reason and upon the ground that the judgment and order appealed from is not appealable on questions of law and fact and for the further reason that the appeal bond was not conditioned in accordance with the order of the Probate Court and was not approved by said court. This appeal is being prosecuted by Clifford W. Ozias, a devisee under the will and one of the defendants in this action. The appeal is designated as one of law and fact, appealing from an order of the Probate Court of Preble County, Ohio, approving the sale of certain real estate. This appellant filed an application to set aside the sale to the defendants-appellees for the reason that the sale price was wholly inadequate. This application was denied and the sale of the property to these appellees was approved by the Court. The order appealed from is not one rendered upon the issues raised by the pleadings. It is merely from an order confirming a sale of real estate.

The case of **Eaton v Robison, 47 Oh Ap 436**, is decisive of this question, wherein the Court held in syllabi 1 and 2, as follows:

"1. The appealability of a case is determined by the pleadings and the judgment appealed from must be one rendered upon the issues raised by the pleadings.

"2. An order confirming a receiver's sale and distributing the proceeds thereof in a chancery case is not such a judgment as will support an appeal."

The first branch of the motion is well taken; the appeal on law and facts will not be allowed, but the appeal will be allowed on questions of law.

Sec. 11564 GC provides that whenever an appeal on questions of law and fact cannot be heard and no bill of exceptions has been filed in the cause a time will be fixed, not to exceed thirty days, for the preparation and settling of the bill of exceptions. In accordance with this section, we will grant a period of thirty days within which the appellant may have prepared and settled a bill of exceptions. If and when a bill of exceptions has been filed, the usual time is granted to the parties for filing briefs.

Coming now to the second branch of the motion which questions the sufficiency of the bond, since the appeal is allowable only on questions of law, question as to the deficiency in the bond is immaterial.

This Court held in the case of **Van Almsick v Van Almsick, 31 Abs 396,** syllabus 3:

"Under §12223-22 GC, a motion to dismiss an appeal for failure to file a bond will be denied and the appeal allowed to stand for hearing on questions of law."

This branch of the motion is accordingly overruled.

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.